Filed 3/12/25  Daly v. Kibby CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| JODIE N. DALY,<br><br>Petitioner and Respondent,<br><br>v.<br><br>ROBERT E. KIBBY II,<br><br>Respondent and Appellant. | B329299<br><br>(Los Angeles County Super. Ct. No. BD572652) |
| JODIE N. DALY,<br><br>Petitioner and Respondent,<br><br>v.<br><br>ROBERT E. KIBBY II,<br><br>Respondent and Appellant. | B330453 |

APPEALS from orders of the Superior Court of Los Angeles County, Elizabeth Scully, Judge. Affirmed as to case No. B330453; dismissed as to case No. B329299.

Robert E. Kibby II, in pro. per., for Appellant.

No appearance for Respondent.

_____

Robert E. Kibby II, representing himself as he did in the family court, appeals from the family court's March 7, 2023 order denying his request for order (RFO) seeking a disability accommodation for his participation in family therapy (case No. B330453). Because Kibby has failed to establish the court committed prejudicial error in denying his RFO, we affirm the order. Kibby also purports to appeal the court's April 11, 2023 order declaring him a vexatious litigant pursuant to Code of Civil Procedure section 391, subdivision (b)(1), (2), and (3) (case No. B329299). Because Kibby appeals from the minute order directing preparation of an order after hearing, and he has not provided a signed order after hearing, the minute order is not appealable. Thus, we dismiss the appeal of the vexatious litigant order.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The 2017 Custody Order*

Jodie N. Daly and Kibby were married in 2008 and have two minor children, L. (born in 2008) and K. (born in 2010). On October 22, 2012 Daly filed a petition in family court for dissolution of the marriage. After the parties reached a stipulation and partial settlement of disputed issues, on

2

February 27, 2014 the family court entered a judgment of dissolution. The court awarded sole physical and legal custody of the children to Daly, with visitation for Kibby every other weekend. In 2016 the court partially granted an RFO filed by Kibby and modified the custody order to award joint legal custody of the children to the parents.

On October 3, 2016, when Daly picked up the children from school, L. complained of neck pain and told Daly that on the prior evening (during a weekend visit with Kibby) Kibby had choked her while giving her a bath. K. confirmed L.'s account. Kibby denied the allegation, but Daly refused to let the children visit him. After an investigation by a social worker, who evaluated L.'s medical records and a report to the police department, the parties next appeared in court in December 2016. The family court heard testimony from the parties regarding custody and visitation, and then ordered the parents to attend eight coparenting classes together and directed the social worker to prepare a parenting plan assessment.

On August 23, 2017 the family court found Kibby's relationship with the children had been damaged, in part due to a 10-month period without visitation that resulted from the October 2016 incident, and it was in the best interests of the children to have "ongoing and meaningful" contact with Kibby. The court awarded joint legal custody to the parents and sole physical custody to Daly, with Kibby to have monitored visitation in a therapeutic setting with a licensed therapist at least once per week, and Kibby to complete a minimum of 10 counseling sessions with a licensed counselor.

B.    *Visitation and Conjoint Therapy Between 2018 and 2022*

In August 2018 Daly filed an RFO seeking sole legal and physical custody of the children.  Daly stated in her declaration that Kibby had not completed his court-ordered counseling sessions and had no visitation with the children since late 2016.  Further, on August 14 Kibby went to the children's school, which scared the children.  Daly asserted the children were afraid of Kibby and did not want to be around him.

In a September 2018 declaration filed in support of his opposition to the RFO, Kibby stated he had been unable to comply with the counseling order due to financial hardship and an unspecified disability.  He declared he had "been battling with a disability since December 2017 and/or 2 to 3 years prior," and he was "in the rehabilitation phase of [the] disability."  Kibby also asserted Daly did not have any interest in her own or the children's education, and he requested joint physical custody.  On September 26, 2018 the family court granted Daly's RFO and awarded her sole physical and legal custody.

In September 2019 the family court issued an order denying Kibby's RFO for modification of custody and granting Daly's RFO seeking a move-away order.  The court ordered the parties to meet and confer "regarding manner and method of reunification therapy."  The court held a status conference on January 21, 2020, at which it ordered Kibby to provide Daly with the names of two reunification therapists within 30 days, and then for Daly to select one of the two therapists within 15 days.  The therapy sessions were ordered to take place any day except Sunday.

On February 13, 2020 Kibby filed another RFO seeking joint legal and physical custody.  In his declaration Kibby stated

4

he provided Daly with five potential counseling facilities following the January 2020 order, but Daly refused to allow any contact or reunification counseling between Kibby and the children. Kibby asserted that Daly's refusal was "a form of child abduction." On August 26, 2020, after hearing testimony from the parties, the family court ordered Daly to select three therapists who were available on Saturday afternoons. Kibby was then to select one of the therapists and begin conjoint therapy with the children at least once per week. After eight therapy sessions, if approved by the therapist, Kibby could have video calls with the children three times per week. The court declined to modify custody. The court continued the RFO to January 11, 2021. At that hearing the court allowed Kibby video calls with the children twice per week.

Kibby filed another RFO on January 15, 2021, again seeking sole legal and physical custody. Kibby alleged Daly was not allowing the children to attend court-ordered therapy sessions or participate in video calls with Kibby. At a hearing on June 23, 2021 the family court[1] appointed counsel for the children "for the limited purpose of working with the parties to select a therapist for conjoint therapy between [Kibby] and minor children." The court ordered that Kibby could have video calls with the children at specified times on Wednesday evenings and Saturday mornings.

On June 17, 2022 Kibby filed another RFO seeking sole legal and physical custody of the children and requesting the family court order in-person conjoint therapy and supervised

---

[1] Judge Elizabeth Scully handled the June 23, 2021 hearing and subsequent proceedings. Different judicial officers handled prior hearings.

visitation. In his declaration, Kibby stated that in December 2021 he had begun conjoint therapy with the children over video calls. However, Daly had caused the children to miss "numerous" counseling sessions. In addition, the therapist the family had been seeing left the clinic in early June 2022. Kibby attached as exhibits May 2022 progress letters from the therapist stating the children were reluctant to communicate with Kibby. The therapist recommended the therapy sessions continue. After a hearing on December 6, 2022, the court denied Kibby's RFO.

C.     *Kibby's December 12, 2022 RFO*

On December 12, 2022 Kibby filed an RFO seeking a "reasonable accommodation for family therapy/counseling regarding scheduling time slots." In his supporting declaration, Kibby explained that at the December 6, 2022 hearing the family court ordered him to contact the newly-assigned therapist to schedule conjoint counseling. Kibby emailed the therapist and informed her that he was disabled and had "issues with: 1) medical/therapist appointments, 2) medical issues, 3) transportation, and 4) medications" and "[m]ust coordinate around availability between appointment scheduling of medical facilities and the availability of individuals who[m] [Kibby] solely depends on for transportation." Kibby attached to his declaration the emails with the therapist, in which Kibby requested that the video counseling sessions continue to be held on Wednesday evenings as they had been with the prior therapist. The therapist responded that she was unavailable on Wednesday evenings and the children had consistently been attending sessions on Wednesday afternoons. Kibby replied that afternoons "are in conflict with doctors appointments, therapy appointments, etc." and requested the "[r]easonable [a]ccommodation" of a

6

Wednesday evening appointment. The therapist stated she was unable to accommodate Kibby's request, and she was reluctant to have a new therapist assigned because she had developed a rapport with the children and the children had three therapists in the past year.

The family court held a hearing on Kibby's RFO on March 7, 2023.[2] After hearing from the parties, the court denied the RFO, finding Kibby had not shown a material change in circumstances. The court also set a hearing for an order to show cause why Kibby should not be declared a vexatious litigant, and it invited the parties to file declarations with respect to a possible vexatious litigant finding.

D.    *The Vexatious Litigant Finding*

On March 28, 2023 Kibby filed a declaration urging the family court not to find him a vexatious litigant because his actions "fell under the Reasonable Person Standard." (Boldface omitted.) Kibby stated his main concern was for family reunification, the children's education interests, and the best interests of the children. He asserted that Daly refused to appropriately coparent to address educational and behavior issues. Further, he declared, despite the fact that he had completed his individual counseling sessions and began conjoint therapy with the children, the court "refuses to restore" and "has

---

[2]    The docket reflects Daly filed a response to the RFO on March 3, 2023, but the response is not included in the record on appeal. No court reporter was present for the March 7, 2023 hearing, and Kibby did not file a settled statement pursuant to California Rules of Court, rule 8.120(b) setting forth what happened at the hearing.

7

disregarded" the 2017 order awarding Kibby joint custody and requiring in-person conjoint therapy.

At a hearing on April 11, 2023, after considering the declarations filed by Kibby and Daly and Kibby's testimony at the hearing, the family court declared Kibby a vexatious litigant pursuant to Code of Civil Procedure, section 391, subdivision (b)(1), (2), and (3).[3] The court stated, "[Kibby] has filed approximately seven duplicative RFO's relating to post-judgment custody and visitation issues since January 1, 2021, as well as an OSC regarding [c]ontempt which was ultimately withdrawn and a request for domestic violence restraining orders which was denied. [Kibby] has repeatedly relitigated post-judgment custody modification issues and the court has repeatedly denied [those] requests on the grounds that there has not been a substantial change of circumstances sufficient to support modification." The court explained it had admonished Kibby in April 2022 that if he continued to file "duplicative and unmeritorious" requests, the court might declare him a vexatious litigant. Further, Kibby did not appear to "acknowledge that his repeated, duplicative and unmeritorious court filings have been inappropriate or unreasonable (let alone contrary to his own interests) and does not express an intention to change his behavior in the future."

The family court concluded "that under the facts and circumstances of this case some guardrail in the form of a prefiling order per CCP 391.7 is required . . . ." The court ordered

---

[3] The record does not include Daly's March 28, 2023 declaration filed in support of an order declarating Kibby a vexatious litigant. No court reporter was present at the April 11, 2023 hearing, and Kibby did not file a settled statement.

8

that Kibby must obtain permission from the presiding judge prior to filing any future request, RFO, order to show cause, or motion in this case. The minute order directed that counsel for Daly was "to prepare the written Order After Hearing, serve it on the opposition for approval as to form and content and submit same to the Court for signature."

Kibby timely filed notices of appeal from the family court's March 7, 2023 order denying his RFO (case No. B330453) and from the April 11, 2023 order declaring him a vexatious litigant (case No. B329299). This court denied Kibby's motion to consolidate the appeals, but we consider them together in this opinion.

## DISCUSSION

A. *Kibby Has Failed To Show the Family Court Erred in Denying the December 12, 2022 RFO*

"Under California's statutory scheme governing child custody and visitation determinations, the overarching concern is the best interest of the child." (*Montenegro v. Diaz* (2001) 26 Cal.4th 249, 255 (*Montenegro*); accord, *In re Marriage of McKean* (2019) 41 Cal.App.5th 1083, 1088-1089.) In determining the best interest of the child, the court must consider "all relevant factors, including the child's health, safety, and welfare, any history of abuse by one parent against any child or the other parent, and the nature and amount of the child's contact with the parents." (*In re Marriage of Brown & Yana* (2006) 37 Cal.4th 947, 955-956; accord, *In re Marriage of McKean*, at p. 1089.)

"Once the trial court has entered a final or permanent custody order reflecting that a particular custodial arrangement is in the best interest of the child, 'the paramount need for

9

continuity and stability in custody arrangements—and the harm that may result from disruption of established patterns of care and emotional bonds with the primary caretaker—weigh heavily in favor of maintaining' that custody arrangement. [Citation.] In recognition of this policy concern, we have articulated a variation on the best interest standard, known as the changed circumstance rule, that the trial court must apply when a parent seeks modification of a final judicial custody determination." (*In re Marriage of Brown & Yana, supra*, 37 Cal.4th at p. 956; accord, *In re Marriage of McKean, supra*, 41 Cal.App.5th at p. 1089.)

Under the changed circumstance rule, "a party seeking to modify a permanent custody order can do so only if he or she demonstrates a significant change of circumstances justifying a modification. . . . [A court] should preserve the established mode of custody unless some significant change in circumstances indicates that a different arrangement would be in the child's best interest." (*Montenegro, supra*, 26 Cal.4th at p. 256.) However, where the requested modification "amounts to something less than a change of legal custody," the parent seeking modification generally need not show changed circumstances, and instead must show only that the change is in the child's best interest. (See *In re Marriage of Furie* (2017) 16 Cal.App.5th 816, 827 [applying best interest standard to RFO seeking modification of child's orthodontic care].)

Generally, "[w]e review custody and visitation orders for an abuse of discretion, and apply the substantial evidence standard to the court's factual findings." (*In re Marriage of Fajota* (2014) 230 Cal.App.4th 1487, 1497; see *In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32 [although abuse of discretion standard applies

to review of custody and visitation orders, substantial evidence standard applied to factual determinations supporting relocation order].) "Under this test, we must uphold the trial court 'ruling if it is correct on any basis, regardless of whether such basis was actually invoked.'" (*Montenegro, supra*, 26 Cal.4th at p. 255.)

However, a different standard applies where, as here, the appellant had the burden of proof in the family court. "'In the case where the trier of fact has expressly or implicitly concluded that the party with the burden of proof did not carry the burden and that party appeals, it is misleading to characterize the failure-of-proof issue as whether substantial evidence supports the judgment.' [Citation.] 'Thus, where the issue on appeal turns on a failure of proof at trial, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law.'" (*Juen v. Alain Pinel Realtors, Inc.* (2019) 32 Cal.App.5th 972, 978-979; accord, *In re Marriage of Diamond* (2024) 106 Cal.App.5th 550, 566-567; *Dreyer's Grand Ice Cream, Inc. v. County of Kern* (2013) 218 Cal.App.4th 828, 838.)

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609; accord, *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate

11

court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented.'"" (*Jameson*, at p. 609; accord, *Argueta v. Worldwide Flight Services, Inc.* (2023) 97 Cal.App.5th 822, 833.)

Further, to overcome the presumption that the judgment is correct, the appellant "must affirmatively establish prejudicial error by providing an adequate record, citing to the record, and presenting a persuasive argument with citations to supportive legal authorities." (*LNSU#1, LLC v. Alta Del Mar Coastal Collection Community Assn.* (2023) 94 Cal.App.5th 1050, 1070; accord, *Lee v. Kim* (2019) 41 Cal.App.5th 705, 721 [appellant's "burden on appeal 'includes the obligation to present *argument and legal authority* on *each point* raised'"].) "It is not our role as an appellate court independently to review the record for error and to construct arguments for appellants that would require reversal of the judgment." (*LNSU#1, LLC*, at p. 1070; accord, *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153.)

Kibby contends the family court erred in denying his RFO because his disability constituted a change in circumstances warranting modification of the order for conjoint therapy. Kibby has failed to provide a sufficient record on which we can determine whether the family court abused its discretion. As discussed, the record does not contain Daly's response to the RFO or a settled statement for the hearing. Thus, we are unaware of the arguments that were raised. Nor without a settled statement or other record of the hearing can we evaluate the basis for the court's order. Kibby has also failed to make reasoned arguments to support his contentions. He has not explained the nature of

12

his disability, how it prevented him from changing his schedule to accommodate the therapist, or how his disability and circumstances changed from December 2017 (when, according to his September 2018 declaration, he was disabled) to the court's subsequent orders, and then to his December 12, 2022 RFO. Most importantly, Kibby has not explained why changing the children's established therapy time was in their best interests.

We acknowledge a self-represented litigant's understanding of the rules on appeal are, as a practical matter, more limited than that of an experienced appellate attorney. Whenever possible, we do not strictly apply technical rules of procedure in a manner that deprives litigants of a hearing. However, we are required to apply the rules on appeal and substantive rules of law to a self-represented litigant's claims on appeal, just as we would to those litigants who are represented by trained legal counsel. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; accord, *County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861 [a self-represented litigant "is entitled to the same but no greater consideration than other litigants"].)

Kibby has failed to overcome the presumption of validity favoring the family court's order, requiring affirmance of the order. (See *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [appeal resolved against appellant where failure to include settled statement of proceeding "make[s] it impossible for us to determine" whether trial court erred]; *569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426, 434, fn. 9 ["if the record on appeal does not contain all of the documents or other evidence considered by the trial court, a reviewing court will 'decline to find error on a silent record, and thus infer that substantial evidence' supports the trial court's

13

findings"]; *Toigo v. Town of Ross* (1998) 70 Cal.App.4th 309, 317 ["'When appellants challenge the sufficiency of the evidence, all material evidence on the point must be set forth and not merely their own evidence. [Citation.] Failure to do so amounts to waiver of the alleged error.'"].)

B.    *The April 11, 2023 Minute Order Declaring Kibby a Vexatious Litigant Is Not an Appealable Order*

Kibby's notice of appeal identifies the minute order entered on April 11, 2023 as the order from which he appeals. Likewise, the civil case information statement attached the April 11, 2023 minute order as the order Kibby is appealing. As discussed, the April minute order directed Daly's counsel to prepare a written order to be approved by Kibby and submitted to the family court for signature. Accordingly, the minute order is not an appealable order. (See *Herrscher v. Herrscher* (1953) 41 Cal.2d 300, 304 [dismissing appeal, explaining where "a further or formal order is required, an [] appeal does not lie from a minute order"]; *Luo v. Volokh* (2024) 102 Cal.App.5th 1312, 1326 ["'A minute order that directs the preparation of a formal written order is not itself appealable.'"]; see also Cal. Rules of Court, rule 8.104(c)(2) ["if the minute order directs that a written order be prepared, the entry date [for purposes of appeal] is the date the signed order is filed"].)

The record does not include a written order prepared after the April 11, 2023 hearing, nor does our review of the family court docket indicate that such an order was filed. On February 10, 2025 we sent a letter to Kibby directing that he submit a signed written order after hearing or, if no written order after hearing had been filed with the family court, he confer with Daly's counsel (or, if no counsel, with Daly) to obtain a signed

14

order.  We cautioned Kibby that his failure to submit a signed order or letter explaining why he had not submitted a signed order would result in dismissal of his appeal.  Kibby did not file an order or letter in response.  In the absence of an appealable order, we dismiss the appeal.  (See *Herrscher v. Herrscher, supra*, 41 Cal.3d at p. 304.)

## DISPOSITION

The March 7, 2023 order denying Kibby's December 12, 2022 RFO is affirmed.  The appeal from the April 11, 2023 minute order declaring Kibby a vexatious litigant is dismissed.


FEUER, J.

We concur:


MARTINEZ, P. J.


STONE, J.

15